IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEAN BUTLER,
dba HOPE PHYSICAL THERAPY CENTER                                                PLAINTIFF

v.                                              Case No. 4:24-cv-4053

WADE BATCHELOR                                                                  DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 15. Judge Bryant recommends that Plaintiff's Motion to Remand (ECF No. 7) be granted. Defendant has responded with objections. ECF Nos. 24. The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff filed his complaint in the Circuit Court of Hempstead County, Arkansas. Plaintiff's claims arise from allegations of trade name infringement by Defendant's use of the business name Hope Physical Therapy and Sports Center. Plaintiff seeks injunctive relief, damages for wrongful infringement upon the trade name of Plaintiff, and all other relief to which he may be entitled. In the complaint, Plaintiff does not allege a specific amount of damages.

Defendant removed this matter to this Court based on diversity jurisdiction. Plaintiff argues that the case should be remanded because the amount in controversy is less than $75,000. With his Motion to Remand, Plaintiff attaches an affidavit stipulating that his claims are for less than $75,000. ECF No. 7-1.

### II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. §

636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting a de novo review of those portions of the report and recommendation which are the subject of objections, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction, and only certain types of cases may proceed in federal court. *See Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013). Defendant removed the case to this Court based on diversity jurisdiction. Federal district courts have original jurisdiction over civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Here, the parties do not dispute that the diversity of citizenship requirement is met, but they dispute whether the amount in controversy exceeds $75,000.

The amount in controversy is determined by plaintiff's pleadings at the time of removal. *See Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). The party removing a case to federal court bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). The amount in controversy requirement is satisfied if "a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Post-removal affidavits are ineffective to oust federal jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab*

2

*Co.*, 303 U.S. 283, 288 (1938); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997). The amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced. *Burns v. Mass. Mutual Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987). The Court must resolve all doubts about federal jurisdiction in favor of remand to state court. *In re Prempro Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted).

Judge Bryant found that Defendant's proof of the amount in controversy was speculative and did not establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant argues that Judge Bryant erred by failing to determine the amount of the claimed damages or the value of the requested injunctive relief.

Plaintiff's complaint is silent as to the amount in controversy, but he has filed a post-removal affidavit claiming that he will not seek or accept damages of more than $75,000. ECF No. 7-1. This affidavit, however, is ineffective to oust federal jurisdiction, s*ee St. Paul*, 303 U.S. at 288, and the Court will not consider it.[1] Thus, the Court is left with a complaint that does not allege an amount in controversy. The complaint seeks injunctive relief, damages for wrongful infringement upon the trade name of Plaintiff, and all other relief to which he may be entitled.

Defendant bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists. *Bell v. Hershey Co.*, 557 F.3d at 956. To satisfy this requirement, Defendant must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). Defendant argues that Plaintiff could recover an amount that exceeds $75,000 but fails to offer any evidence in support of this argument. Defendant argues that the value of the name of Plaintiff's business—

---

[1] The Court does not adopt Judge Bryant's finding that the post-removal affidavit limiting damages to less than $75,000 provides some evidence that Plaintiff's claim is for less than the jurisdictional amount. ECF No. 15, p. 4.

Hope Physical Therapy Center—and the goodwill associated with that name is "substantial" and "clearly exceeds $75,000." ECF No. 9, p. 6. Defendant also argues that potential lost profit damages alone "could be in excess of the jurisdictional minimum." ECF No. 9, p. 4. Defendant is asking the Court to presume that this case involves potential damages exceeding $75,000 without offering any specific facts or evidence regarding potential damages, which is nothing more than speculation. Keeping in mind that any doubts regarding the validity of removal jurisdiction should be resolved in favor of state court jurisdiction, the Court finds that Defendant has failed to prove the requisite federal jurisdictional amount by a preponderance of the evidence. Accordingly, the Court concludes that it lacks subject matter jurisdiction over this case.

## IV. CONCLUSION

Upon review, the Court **ADOPTS IN PART** the Report and Recommendation (ECF No. 15), specifically the finding that Defendant has failed to carry his burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction. The Court, however, does not adopt the recommendation that the Court rule on Plaintiff's Motion to Set Aside Default. (ECF No. 15, p. 5, fn. 1). Because the Court lacks subject matter jurisdiction over this case, the Court declines to rule on the Motion to Set Aside Default (ECF No. 11).

For the reasons stated above, the Court finds that Plaintiff's Motion to Remand (ECF No. 7) should be and hereby is **GRANTED**. Because the Court lacks subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), this matter must be remanded to state court. 28 U.S.C. § 1447(c). The Court hereby instructs the Clerk of Court to immediately **REMAND** the matter to the Circuit Court of Hempstead County, Arkansas, for further disposition.

**IT IS SO ORDERED**, this 31st day of March, 2025.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge
